**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**H. WILLIAM VAN ALLEN,**

                    **Plaintiff,**

  v.                                                                                    **1:07-CV-722**
                                                                                       **(GLS)**
**ANDREW CUOMO et al.,**

                    **Defendants.**

---

**APPEARANCES:**                                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Galvin, Morgan Law Firm                                MADELINE SHEILA GALVIN, ESQ.
217 Delaware Avenue
Delmar, New York 12054

**FOR DEFENDANTS:**

HON. ANDREW M. CUOMO                                   DOUGLAS J. GOGLIA, ESQ.
Attorney General, State of New York                    Assistant Attorney General
The Capitiol
Albany, New York 12224

The New York State Board of Elections                  TODD D. VALENTINE, ESQ.
New York State Board of Elections
40 Steuben Street
Albany, New York 12207-1650

**Gary L. Sharpe**
**U.S. District Judge**

# SUMMARY MEMORANDUM-DECISION AND ORDER

## I. Introduction

On July 13, 2007, plaintiff filed a complaint and an application for a temporary restraining order by order to show cause. *See Dkt. Nos.* 10-14. On July 17, 2007, this court issued a text order requiring: (1) Van Allen to serve the complaint and order to show cause upon defendants; (2) defendants to file a written notice of attorney appearance and brief response; and (4) personal appearance on July 19, 2007.

This summary order in addition to the record of the hearing constitutes the decision of the court. For the reasons that follow, Van Allen's application for TRO is denied and the complaint dismissed in its entirety.

## II. FACTS

In early spring 2007, Van Allen filed paperwork with New York to become a member of the Independence Party after previously having been a registered voter but not enrolled in a particular party. Van Allen wanted to enroll in a political party, not just to cast his vote as a member of that party. He also wanted to carry the party's petitions, engage in the process

2

of candidate designation for endorsement, assist with the selection of leadership positions, and participate in establishment of the party's platform. Thereafter, Van Allen was informed that his enrollment would not become effective until after the November 2007 election pursuant to New York Election Law 5-304.[1]

### III. Discussion

### A. Temporary Restraining Orders/Preliminary Injunction

To justify the grant of temporary restraining order, plaintiff must satisfy the same prerequisites as a party seeking a preliminary injunction. *Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.* 965 F.2d 1224, 1228 (2d Cir. 1992). In general, a district court may grant a preliminary injunction where the moving party establishes:

(1) that it is likely to suffer irreparable injury if the injunction is not granted, and (2) either

(a) a likelihood of success on the merits of its claim, or

(b) the existence of serious questions going to the merits of its claim and a balance of the hardships tipping decidedly in its favor.

---

[1] N.Y. ELEC. LAW SECTION 5-304(3):
[a] change of enrollment received by the board of elections not later than the twenty fifth day before the general election shall be deposited in a sealed enrollment box, which shall not be opened until the first Tuesday following such general election.

3

*Moore v. Consolidated Edison Co. of New York*, *Inc.*, 409 F.3d 506, 510 -511 (2d Cir. 2005). "Such relief...is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. " *Id*. However, when the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard. *Connecticut Dept. of Environmental Protection v. O.S.H.A.,* 356 F.3d 226, 230 -231 (2d Cir. 2004)(quoting *Beal v. Stern,* 184 F.3d 117, 122 (2d Cir.1999) (citations and internal quotation marks omitted)).

Moreover, in some cases, a significantly higher standard applies. The moving party must make a "clear" or "substantial" showing of a likelihood of success in two instances: where (1) the injunction sought is mandatory, *i.e.,* "will alter, rather than maintain, the status quo"; or (2) the injunction sought "will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits." *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir.1996). Here the injunction sought is mandatory, thus the court will use the "clear and substantial" showing of a likelihood of success standard.

Van Allen filed his complaint under 42 U.S.C. §§ 1983, 1983 (5) and 1986 claiming a violation of his constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments.[2] Essentially, Van Allen contends that New York Election Law 5-304 ,which requires a delayed enrollment period, violates his right to association and participation in the political party of his choosing. Moreover, he claims that new voters do not have a delayed enrollment period, which thereby violates his Equal Protection rights.

As the defendants correctly point out, the Supreme Court has flatly rejected a nearly identical challenge to a substantially identical provision of New York's former Election Law that mandated a delayed enrollment period. See *Rosario v. Rockfeller*, 410 U.S. 752 (1973). The Supreme Court noted that the reason for the delay was to inhibit party raiding. The Court held that "New York did not prohibit the petitioners from voting in the...primary election or from associating with the political party of their choice. It merely imposed a legitimate time limitation on their enrollment...." *Id*. at 1252. Furthermore, New York's statute which exempts newly registered voters from the delayed enrollment requirement

---

[2]Van Allen appears to be suing under numerous constitutional amendments and articles including: Articles II §1 and VI; First, Fourth, Fifth, Sixth and Fourteenth Amendments. During the hearing Van Allen withdrew claims under Articles II and VI and the Sixth Amendment, and the court dismissed his Fourth Amendment claim as frivolous.

serves the salutary goal of encouraging new voter participation in the political process. Accordingly, the court is satisfied that New York's election law serves legitimate state purposes and does not violate Van Allen's First Amendment rights nor his rights to due process and equal protection. Accordingly, Van Allen's application for a TRO is denied and his complaint dismissed.

**WHEREFORE**, it is hereby

**ORDERED** that Van Allen's application for a TRO is DENIED and the complaint DISMISSED in its entirety; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this order to all parties.

**SO ORDERED.**

Dated: July 19, 2007
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge